# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW L. STASZAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-0812-MJR-SCW |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**REAGAN, Chief Judge:**

This matter is before the Court for a ruling on the pending Motions in Limine (Docs. 56, 57). Trial will commence on Monday, November 13, 2017. The Government's Motion in Limine presents four arguments (Doc. 56), and the Plaintiff's Motion in Limine presents two (Doc. 57). The parties filed timely responses to the motions (Docs. 62, 65). The underlying trial will address Plaintiff's claim under the Federal Tort Claims Act (FTCA) that one U.S. Marshal punched him in the face while effectuating an arrest and that another U.S. Marshal failed to intervene or report the incident. In the interest of a speedy and efficient trial, the Court will now rule on the motions in limine.

The Government first contends that it should be allowed to introduce evidence of the nature of Plaintiff's prior conviction to attack Plaintiff's credibility at trial (Doc. 56). The Government argues that the prior conviction is admissible under Federal Rule of Evidence 609(a)(1)(A) because it is a felony level offense punishable by more than a year imprisonment. Rule 609 mandates the admission of a prior criminal conviction punishable by more than a year

of imprisonment, subject to the Rule 403 substantial prejudice balancing test. The Seventh Circuit has held that the impeachment value of Rule 609 prior crime evidence is particularly important where witness credibility matters, such as when it is one party's testimony against the testimony of a law enforcement party. *See United States v. Montgomery*, **390 F.3d 1013, 1015 (7th Cir. 2004) (held that defendant's prior conviction was admissible to impeach him because his credibility was at issue in a swearing contest between him and a police officer).** The Plaintiff counters that the nature of his prior crime should not be admitted because it is inflammatory, but as a substitute, the Court could admit evidence that he is currently incarcerated.

This case will ultimately turn on witness credibility, but the Court is not persuaded that it should admit evidence of the nature of Plaintiff's prior offense to test his credibility. Plaintiff's prior offense—a sex offense involving minors—is highly inflammatory. Rule 403 counsels against the admission of evidence that presents a substantial risk of prejudice. Accordingly, the Court **DENIES** the Government's first motion in limine.

Second, the Government moves to exclude the introduction of complete deposition transcripts of lay witnesses (Kevin Combs, Carol Leeman, Dr. Byron Williamson, and Carl McFarland). In response the Plaintiff explains that he does not intend to offer the entire deposition transcripts at trial. He only listed the full transcripts on his exhibit list to ensure that if he needed to rely on a portion of a transcript for impeachment, the transcript would be available and admissible. In essence, Plaintiff's response negates the concerns raised by the Government's second motion. Thus, the Government's second motion in limine is **DENIED** as

moot. Appropriate and timely objections may be made at trial if deposition transcripts are to be used for impeachment purposes.

Third, the Government moves to exclude the admission of entire deposition transcripts of three U.S. Marshals (Clark Meadows, Kevin Castleman, and James Robertson). The Government contends that the transcripts are admissions by a party opponent, but they may not be relevant, and thus, should not be admitted whole cloth. As with the second motion in limine, the Plaintiff responds that he does not intend to introduce the transcripts in their entirety. In light of the Plaintiff's response, the Government's third motion in limine is **DENIED** as moot. Proper objections may be made at trial.

Fourth, the Government moves to limit the scope of Dr. Byron Williamson's testimony because Williamson was not disclosed as an expert witness in accord with Federal Rule of Civil Procedure 26. Plaintiff agrees the testimony can be limited save for the extent where Williamson's testimony may be inextricably intertwined with his expertise as a physician. Given the overwhelming agreement between the parties on this issue, the Court **DENIES** the Government's motion in limine as moot. Appropriate objections can be made a trial if and when the issue arises.

The Plaintiff's first motion in limine seeks exclusion of the nature of his prior conviction. The Court addressed this issue with the Government's first motion in limine, so there is no need to address it again. Plaintiff's first motion in limine is hereby **GRANTED** for the reasons set forth above.

Second, Plaintiff moved to exclude the admission of Bruce Goodman's declaration. The Government's response moots this issue because the Government says Goodman will testify

live at trial, so the declaration will not be used. Accordingly, the Plaintiff's second motion in limine is **DENIED** as moot.

    **IT IS SO ORDERED.**

    DATED: .

s/<br>
Michael J. Reagan<br>
United States District Judge